# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TONY-LAMAR: CARD SUI JURIS JUS SOLI, sole beneficiary for TONY LAMAR CARD,<br><br>                Plaintiff,<br><br>vs.<br><br>CLARENCE HENDERSON, JR.,<br><br>                Defendant. | CIVIL CASE NO. 25-00013<br><br>**ORDER** |

This matter is before the court on Plaintiff's Application to Proceed Without Prepaying Fees or Costs (the "Application to Waive Fees").[1] *See* ECF No. 2. The Application to Waive Fees is **GRANTED** but the case is **DISMISSED** with leave to amend.

**I. Application to Waive Fees**

Plaintiff is proceeding in this action *pro se*, without an attorney, and has requested to proceed without paying the required filing fee. Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. §

---

[1] The court notes that Plaintiff used a form for the U.S. District Court for the Western District of Washington.

1

1915(a)(1). Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

The court has reviewed Plaintiff's Application to Waive Fees, where he reports he has been unemployed since June 22, 2023, and only has a total of $300 in cash, savings and checking. ECF No. 2 at ¶¶ 1, 4. While it appears that Plaintiff has demonstrated that he does not have the resources to pay the filing fees, this does not end the court's inquiry. The court must still subject the Complaint to mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

**II. Screening Complaint**

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.") (internal quotation marks and citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The Complaint requires Plaintiff to provide a "short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id*. at 678-79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id*. at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id*. at 679. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In the Complaint,[2] Plaintiff's basis for jurisdiction is "federal question", and he cites to several federal statutes, including conspiracy against rights, misprision of treason, misprision of felony, treason, and kidnapping. ECF No. 1 at 3. Plaintiff and Defendant are both residents of Washington state. *Id.* at 4. Under the "Statement of Claim" section, Plaintiff wrote, "A Judge of the Superior Court of Pierce County that has failed to respond to documents sent RE830445328US." *Id.* at 5. Plaintiff seeks "[t]he immediate signed order of writ of habeas

---

[2] The court notes that Plaintiff's Complaint has a heading that is different from this court. It states, "United States District Court[,] Western District of Washington", instead of the "District Court of Guam."

3

corpus returning my son that was unlawfully kidnapped, and $20,000 fee per day for non[-]response." *Id.*

The Complaint is deficient that it warrants a dismissal. First, venue is improper. Plaintiff alleges that he and Defendant are residents of Washington state, and the Complaint is devoid of any factual allegation that "a substantial part of the events or omissions giving rise to the claim occurred [in the district of Guam], or a substantial part of property that is the subject of the action is situated [in the district of Guam]." *See* 28 U.S.C. § 1391(b)(2). The Complaint does not contain any factual allegations as to why the District Court of Guam is the proper venue.

Second, the Complaint fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiff alleges that, "A Judge of the Superior Court of Pierce County that has failed to respond to documents sent RE830445328US." This sentence alone does not provide sufficient factual matter to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. The Complaint is devoid of how failing to respond to a document is a violation of the federal statutory provisions that Plaintiff cited to in his Complaint, *i.e.*, conspiracy against rights, misprision of treason, misprision of felony, treason, and kidnapping. *See* ECF No. 1 at 3.

**III. Leave to Amend**

When dismissing a complaint, a court should normally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). *See also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile [.]"

Given that Plaintiff is proceeding *pro se*, the court will allow Plaintiff to file an amended complaint no later than thirty (30) days from the date of this Order. If Plaintiff fails to file an amended complaint in compliance with this Order, this action may be dismissed with prejudice

4

and without further notice.

IV. Conclusion

For the reasons stated above, the Application to Waive Fees is **GRANTED** but the case is **DISMISSED** with leave to amend.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Oct 22, 2025**